NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001334
01-JUN-2015
09:26 AM**

NO. CAAP-14-0001334

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STANLEY S.L. KONG, Plaintiff-Appellant,
v.
DEPARTMENT OF PUBLIC SAFETY, STATE OF HAWAIʻI, Former Director
JODIE MAESAKA-HIRATA, Current Interim Director TED SAKAI,
Mainland Branch Director SHARI KIMOTO, and Contract Monitor JOHN
IOANE, in their Individual and Official capacities,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0067)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack

appellate jurisdiction over this appeal that Plaintiff-Appellant

Stanley S.L. Kong (Appellant Kong) has asserted from the

Honorable Jeannette H. Castagnetti's November 12, 2014

interlocutory order denying Appellant Kong's request for entry of

default, because the circuit court has not yet entered a separate

final judgment as to all claims in Civil No. 13-1-0067 (JHC).

Hawaii Revised Statutes ("HRS") § 641-1(a) (1993 & Supp. 2014) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted).

On January 16, 2015, the circuit court clerk filed the record on appeal for appellate court case number CAAP-14-0001334, which does not include a final judgment. Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2014), the November 12, 2014 interlocutory order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades,

-2-

Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment, we lack appellate jurisdiction. The November 12, 2014 interlocutory order will be eligible for appellate review by way of a timely appeal from a future final judgment that resolves all claims against all parties, because "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted); State v. Adam, 97 Hawai'i 475, 482, 40 P.3d 877, 884 (2002) ("As a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." (Citations omitted).).

We must dismiss this appeal for lack of appellate jurisdiction.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added). Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0001334 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 1, 2015.

Presiding Judge

Associate Judge

Associate Judge